UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EARTHWISE TECHNOLOGIES, INC. and BRUCE SEARLE,<br><br>Plaintiffs,<br><br>v.<br><br>SUAREZ CORPORATION INDUSTRIES,<br><br>Defendant. | Case No. C07-5577RJB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. 8. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2007, Plaintiff Earthwise Technologies, Inc., and Plaintiff Bruce Searle ("Plaintiffs") filed a complaint requesting a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. Dkt. 1 ("Complaint"). On December 20, 2007, Defendant Suarez Corporation Industries ("Defendant") filed this motion to dismiss the complaint for lack of subject matter jurisdiction. Dkt. 8.

Plaintiff Searle is a principal in Plaintiff Earthwise Technologies. Complaint, ¶5. Mr. Searle stated in a declaration that beginning in 2005, Plaintiffs became an internet distributor for some of Defendant's products. Declaration of Bruce Searle, Dkt. 13, ¶5 ("Searle Decl."). At some point in 2007, Plaintiff

ORDER
Page - 1

Searle claims that he created a heater, the ComfortZone heater, that is a competing product to Defendant's Edenpure and Sun-Twin heaters. Complaint, ¶¶10-12. Plaintiffs claim that Defendants have threatened trade secret litigation to prevent Plaintiffs from marketing and distributing Plaintiffs' new ComfortZone heater. Complaint, ¶13.

On December 18, 2007, Defendant, together with MHE Corporation, filed a complaint against Plaintiffs for federal trademark infringement and other state law claims. *Suarez Corp. Industries v. Earthwise Technologies Inc.*, Case No. 07-2020RAJ Western District of Washington at Seattle.

## II. DISCUSSION

In this motion to dismiss, Defendant argues that no actual controversy exists between the parties and that, even if the Court concludes that there is a controversy, then there is not complete diversity between the parties.

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In order to determine whether a court may afford relief under the Declaratory Judgment Act, the court must first determine whether there is an actual case or controversy within its jurisdiction. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2004).

The existence or non-existence of an actual case or controversy is determined as of the time when the declaratory relief complaint is filed, and must continue for the duration of the suit. *Steffel v. Thompson*, 415 U.S. 452, 460 (1974). Plaintiffs bear the burden to show that there is a real, substantial, and immediate controversy over the claim set forth in the complaint. *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 942 (9th Cir. 1981).

**A.      Burden of Proof**

ORDER
Page - 2

As a threshold matter, the Court must determine Plaintiffs' burden of proof. Both parties have submitted declarations and other documents with the pleadings for this motion. Defendant argues that Plaintiffs' burden, based on the record, is a preponderance of the evidence. Dkt. 17 at 2. However,

> If the court determines that it will receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss. Any greater burden such as proof by a preponderance of the evidence would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials. Thus a plaintiff could not meet a burden of proof requiring a preponderance of the evidence without going beyond the written materials. Accordingly, if a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.

*Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Although *Data Disc* involved issues of personal jurisdiction, this rule has been applied to issues of subject matter jurisdiction. *See Societe*, 655 F.2d at 942.

Therefore, based on the procedural posture of this case, Plaintiffs must only establish a prima facie showing of facts that demonstrate that this Court has subject matter jurisdiction.

**B.     Controversy Between the Parties**

Plaintiffs concede that there is not a federal claim at issue in this case. Dkt. 12 at 4. Plaintiffs, however, claim that a controversy exists between the parties. *Id.* at 5. Plaintiffs base this claim on two documents: (1) Searle Decl. (Dkt. 13) and (2) a letter from Michael Puterbaugh, Defendant's corporate counsel, to Plaintiff Searle (Dkt. 13, Exh. 1).

Searle stated in his declaration that Plaintiffs "were accused of stealing technology and threatened with trade secret violations repeatedly by Defendant throughout the months we were negotiating a possible distribution agreement with [Defendant]." Dkt. 13, ¶13. Defendant has submitted multiple declarations from its corporate officers that state Defendant never threatened litigation. *See* Dkt. 18, Dkt. 19, Dkt. 20. Thus, the Court is confronted with an issue of material facts. Plaintiffs' facts, however, support a prima facie case of threats of litigation.

Defendant argues that, even if there is an actual controversy, that controversy is not between the parties in this case. Defendant claims to have never heard of Plaintiff Earthwise Technologies before the filing of the complaint. *See* Dkt. 18, Dkt. 19, Dkt. 20. Plaintiff Searle claims that Earthwise Technologies was incorporated in Delaware in May of 2007 and obtained a Washington business licence on October 18,

2007. Searle Decl., ¶ 8. Moreover, Plaintiffs claim that without a declaratory judgment in their favor they will be continually threatened with litigation by Defendant because Plaintiffs intend to sell a competing heater product. Complaint, ¶¶ 13, 17. Plaintiffs have established a prima facie showing that an controversy exists between Plaintiffs and Defendant.

Therefore, the Court should decline to grant to Defendant the motion to dismiss because Plaintiffs have made the required showing of prima facie facts that an actual controversy exists between the parties in this case.

**C.    Diversity Jurisdiction**

Defendant argues that Plaintiffs cannot show that there is complete diversity between the parties in this case. Dkt. 8 at 11. Diversity jurisdiction requires that the plaintiffs and the defendants be completely diverse. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197-198 (1990). "The natural person's state citizenship is . . . determined by [his] state of domicile, not [his] state of residence. A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Defendant contends that there is a "mountain of evidence" that Plaintiff Searle was a domicile of Ohio, not Washington, when the complaint was filed. Dkt. 8 at 13. Plaintiffs, however, assert that "Searle's declaration makes it clear that he is, and has been for a number of years, domiciled in Washington." Dkt. 12 at 8; Searle Decl., ¶¶ 2-5. Thus, Plaintiffs have met their burden to establish a prima facie showing that Plaintiff Searle's domicile was Washington state when the complaint was filed.

Next, Defendant argues that Earthwise Innovations Inc., an Ohio corporation, is an indispensable party to this case. If the Ohio corporation is joined, then complete diversity will be destroyed. A party must be joined, if feasible, when:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

ORDER
Page - 4

Plaintiffs claim that Earthwise Innovations only manages the website on which Earthwise Technologies sells its ComfortZone heater. Dkt. 12 at 9. Plaintiffs also claim that Earthwise Innovations has no potential liability to Defendant and, thus, it has no interest in this litigation. *Id*. Defendant counters that "a great many internet sites make it clear that Earthwise Innovations is actually selling the [ComfortZone heater]." Dkt. 17 at 6. Moreover, Plaintiff Searle is an officer and director of both Earthwise Technologies and Earthwise Innovations. *Id.* While there is some evidence of a relationship between Earthwise Innovations, Earthwise Technologies, and Mr. Seale, Plaintiffs have demonstrated facts that show that Earthwise Technologies, the Ohio corporation, is not an indispensable party to this declaratory judgment action.

Therefore, the Court should not grant to Defendant the motion to dismiss for lack of diversity jurisdiction because Plaintiffs have made the required showing of prima facie facts that there is complete diversity between the parties in this case.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 8) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 15th day of January, 2008 .

*[signature]*
ROBERT J. BRYAN
United States District Judge