UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUAREZ CORPORATION INDUSTRIES; and MHE CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>EARTHWISE TECHNOLOGIES, INC.; EARTHWISE INNOVATIONS, INC.; and BRUCE R. SEARLE, individually,<br><br>    Defendants.<br>_____<br>EARTHWISE TECHNOLOGIES, INC. and BRUCE SEARLE,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUAREZ CORPORATION INDUSTRIES,<br><br>    Defendant. | Case No. C07-5577RJB<br>Case No. C07-2020RJB<br>(Consolidated)<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART SCI'S AND MHE'S MOTION TO COMPEL DISCOVERY |

    This matter comes before the Court on Suarez Corporation Industries' and MHE Corporation's Motion to Compel Discovery. Dkt. 46. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

ORDER
Page - 1

## I. PROCEDURAL BACKGROUND

On October 19, 2007, Earthwise Technologies, Inc., and Bruce Searle filed a complaint requesting a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. C07-5577, Dkt. 1.

On December 18, 2007, Suarez Corporation Industries and MHE Corporation (collectively "Suarez") filed a complaint against Defendant Earthwise Technologies, Inc., Defendant Earthwise Innovations, Inc., and Defendant Bruce Searle for Trademark Infringement, False Designation of Origin and Unfair Competition, CyberPiracy, Consumer Protection Act Violation and Unfair Enrichment. C07-2020RJB, Dkt. 1.

On February 12, 2008, the two actions were consolidated. C07-5577RJB, Dkt. 30(the remaining references to the docket will be to the docket of C07-5577RJB).

On June 26, 2008, Suarez filed a Motion to Compel Discovery. Dkt. 46. On July 7, 2008, Earthwise responded. Dkt. 51. On July 11, 2007, Suarez replied. Dkt. 53.

## II. FACTS

Suarez served various sets of interrogatories and requests for production on Earthwise between February 1 and March 27 as set forth in the following table:

| Discovery Request | Served | Due | Response |
|---|---|---|---|
| 1st Set INT (Nos. 1-16) | February 1, 2008 | March 3, 2008 | April 10, 2008 |
| 1st Set RFP (Nos. 1-61) | February 1, 2008 | March 3, 2008 | April 10, 2008 |
| 2nd Set INT (No. 17) | February 8, 2008 | March 10, 2008 | April 10, 2008 |
| 2nd Set RFP (Nos. 62-73) | February 8, 2008 | March 10, 2008 | April 10, 2008 |
| 1st Set INT re C07-2020RJB (Nos. 1-5) | March 7, 2008 | April 7, 2008 | June 6, 2008 |
| 1st Set RFP re C07-2020RJB (Nos. 1-45) | March 7, 2008 | April 7, 2008 | June 6, 2008 |
| 2nd Set INT re C07-2020RJB (Nos. 6-12) | March 17, 2008 | April 16, 2008 | June 6, 2008 |
| 2nd Set RFP re C07-2020RJB (Nos. 46-63) | March 17, 2008 | April 16, 2008 | June 6, 2008 |

Declaration of David A. Lowe ("Lowe Decl."), Dkt. 47, ¶ 2. Earthwise does not dispute the dates of these discovery requests. Declaration of Kristin Nealey Meier ("Meier Decl."), Dkt. 52, ¶ 2.

In response to those requests, Earthwise claims that it has produced "55,000 emails, six boxes of documents consisting of approximately 8,700 pages in .pdf form as [Suarez] requested, and nine CDs of data in native format that contain hundreds – if not thousands – of individual files." *Id*. ¶ 3.

On May 22, 2008, counsel for the parties held a discovery conference. *Id*. ¶ 5. Counsel discussed whether Earthwise had waived its objections to Suarez's discovery requests on the basis of an untimely response by Earthwise. *Id*. ¶ 9; Second Declaration of Lawrence D. Graham ("Graham Decl."), Dkt. 55, ¶¶ 4-5.

Earthwise has identified the following documents that it claims are responsive, but have not been produced: 1) 18 emails containing attorney-client communications; and 2) numerous documents containing trade secret information. Meier Decl., ¶ 9; Dkt. 51 at 7.

On April 22, 2008, Earthwise served Suarez with discovery requests. Meier Decl., ¶ 12. Earthwise claims that Suarez has refused to produce any documents until the parties enter into a confidentiality agreement. *Id*.

### III. DISCUSSION

Suarez argues that Earthwise has 1) improperly produced discovery material and 2) waived all objections to material that has been identified as responsive but has not yet been produced. Dkt. 46.

**A.  Produced Material**

Rule 34 contains three provisions that outline the proper procedure for the production of documents: 1) Contents of the Request, Rule 34(b)(1); 2) Responses and Objections to that request, Rule 34(b)(2); and 3) Producing the Document or Electronically Stored Information, Rule 34(b)(2)(E). In regard to electronic material, the requesting party "may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(C). The responding party may object to the requested form. *Id*. at (b)(2)(D). The part of the rule governing production, (b)(2)(e), states that:

> Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

      (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; . . .

*Id.* at (b)(2)(E).

In this case, Suarez made numerous requests for production. Lowe Decl. ¶ 2. The Court is unaware of any evidence that shows either that Suarez requested that electronically stored material should be produced in a specific form or that Earthwise objected to that requested form, if any. Earthwise did, however, produce "55,000 emails, six boxes of documents consisting of approximately 8,700 pages in .pdf form as [Suarez] requested, and nine CDs of data in native format that contain hundreds – if not thousands – of individual files." Meier Decl., ¶ 3.[1] It is unclear how Earthwise determined what documents were responsive to Suarez's requests. Suarez claims that Earthwise's production was essentially a "document dump" without any cognizable organization Dkt. 53 at 5-6.

Suarez argues that, because it is allowed to choose the form of electronic discovery, it is allowed to request that discovery material shall be produced either as it was kept in the normal course of business or organized and labeled in a way that corresponds to specific requests for production. Dkt. 46. Suarez maintains that Earthwise should organize and correlate the 55,000 produced emails to Suarez's 136 or more requests for production. Dkt. 53 at 6 ("It is not sufficient for [Earthwise] to dump more than 63,000 documents on [Suarez] without associating them with the specific discovery requests propounded by [Suarez].").

The Court is unaware of any Ninth Circuit case law that allows a party to mandate the organization of the opposing party's production of either electronic or tangible material pursuant to the provisions of Fed. R. Civ. P. 34(b)(2)(E). The Court does, however, have discretion regarding discovery matters. *Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir 2001). In this case, Suarez's arguments are unpersuasive. The comments to Rule 34(b) discuss, without affirmatively stating, that the term "form" relates to the

---

[1] The volume of production is not necessarily relevant. The question is whether the production complies with the Federal Rules of Civil Procedure; the production of one document may comply whereas the production of one million documents may not comply.

As a point of clarification, ".pdf" means **P**ortable **D**ocument **F**ormat and is a means of storing electronic material. http://www.techweb.com/encyclopedia (define "pdf")(search completed at 7:30 am, PST, July 17, 2008). Based on a conference call with the Court's law clerk, Earthwise's counsel referred to the email discovery being produced in ".pdf" format and the boxes of documents were actual documents that were in the responding parties' possession. The Court will assume this was what Earthwise has produced.

ORDER
Page - 4

diverse types of electronically stored information such as file types (".pdf") or various storage means. The comments do not refer to the term "form" as encompassing the organization of all of a party's production. Therefore, "form" does not refer to the organizational mandates of Rule 34(b)(2)(E)(i) and Suarez is without authority to mandate how Earthwise produces material under that provision. This does not resolve the issue of whether Earthwise's production was adequate under that rule.

Suarez claims that Earthwise's production was unorganized and that Suarez cannot determine what documents are responsive to what request for production. To determine the adequacy of a production, the Court must first look to what was requested. It would seem that an overly broad request could result in a so called "document dump." On the other hand, a fairly specific request would be frustrated by such a "dump." In one request, Suarez requested "All documents sufficient to show all email addresses and email accounts you have used at any time during the years 2000 to the present." Dkt. 47-2 at 53. The 55,000 emails produced by Earthwise would most likely be sufficient to show all of Earthwise's email addresses and accounts. Earthwise, however, produced the material and then responded to the majority of Suarez's requests with the single statement "See documents produced herewith." Dkt. 47-2 at 116. The record does not reflect that Earthwise indicated, or even attempted to convey, whether the materials were produced "as they are kept in the usual course of business" or were organized and labeled such that the material corresponded to the categories of the requests. While the Court should not hold that Suarez has the discretion to instruct Earthwise on how the production is organized, the Court should require, under its discretionary authority, that Earthwise convey some information as to *how* documents were determined to be responsive or *how* the documents were kept in the normal course of business. Additionally, it is unknown whether the paper materials or the CDs of data produced by Earthwise suffered from the same organizational defaults.

Therefore, the Court should grant Suarez's motion to compel in so far as Earthwise's production did not conform to the organization requirements of Rule 34(b)(2)(E)(i). The Court is hopeful that the parties will work together to efficiently solve these deficiencies.

**B.     Unproduced Material**

Suarez argues that Earthwise has waived all objections to the propounded discovery requests because Earthwise failed to convey those objections in writing within 30 days from the day the requests were served. Dkt. 46 at 2. Earthwise does not argue that its objections were timely, instead it argues that the Court is not bound by a *per se* waiver rule. Dkt. 51 at 5. Earthwise also concedes that it is currently withholding documents on the basis of attorney-client privilege and/or confidentiality of trade secrets. Dkt. 51 at 3-4.

The Ninth Circuit has "reject[ed] a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." *Burlington N. & Santa Fe Ry. Co. v. United States District Court for the District of Montana*, 408 F.3d 1142, 1147 (9th Cir.2005).

> Instead, using the 30-day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format.

*Id*.

In this case, Earthwise claims that it has "undertaken a Herculean effort to produce thousands and thousands of responsive documents . . . ." Dkt. 51 at 6. Although Earthwise did not convey its answers and objections in writing within 30 days, Earthwise's counsel claims that it did tell Suarez within 30 days that answers were forthcoming. Lowe Decl., Exh. J, Dkt. 47-3 ("Our clients are diligently working on collecting the documents and responding to your 61 Requests for Production and 16 Interrogatories. Because of the large number of documents that are responsive to your discovery requests, we anticipate that we will be able to produce them and written responses to you [within two weeks]."). This does not seem to be a situation where a *per se* waiver is warranted. Earthwise has a privilege log prepared that covers 18 emails, Meier Decl. ¶¶ 9-10, and should produce that log forthwith.

The parties also concede that documents have been withheld, by both sides, pending either a Court

issued protective order regarding confidential information or a confidentiality agreement between the parties. Dkt. 51 at 3-4; Dkt. 53 at 3-4. The Court refused to enter the stipulated protective order that was filed by the parties. Dkt. 50. Suarez claims that Earthwise's objections based on confidentiality have been waived and will not enter into a mutual agreement regarding the confidentiality of discovery material. Dkt. 53 at 5-6. The Court will not dictate the contents of a proposed confidentiality agreement between the parties, but will, in response to a proper motion and showing, dictate the contents of a protective order. For the purposes of this order, Earthwise has not waived its discovery objections based on its tardiness to fully respond in writing within 30 days.

Therefore, the Court should deny Suarez's Motion to Compel (Dkt. 46) on the issue of Earthwise's waiver of discovery objections.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Suarez Corporation Industries' and MHE Corporation's Motion to Compel (Dkt. 46) is **GRANTED in part** and **DENIED in part** as stated herein.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of July, 2008.

ROBERT J. BRYAN
United States District Judge